IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JOSEPH STEHEL, ) | |
| ) | CASE NO.: |
| Plaintiff, ) | |
| ) | COMPLAINT |
| vs. ) | JURY TRIAL REQUESTED |
| ) | |
| CONTRACTDATA, LLC ) | |
| ) | |
| Defendant ) | |
| _____) | |

## COMPLAINT

Comes now, Joseph Stehel, (hereinafter referred to as "Plaintiff," "Stehel") and files this Complaint against Contractdata, LLC ("Contractdata" or "Defendant") seeking to recover damages for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. and as amended ("ADA").

## THE PARTIES

1.      Plaintiff is an adult citizen and current resident of Pennsylvania. At times relevant to this Complaint, Plaintiff was a resident of Murrells Inlet, South Carolina. During all relevant times, Plaintiff was an "employee" within the meaning of the ADA.

2.      Defendant Contractdata, LLC is a limited liability company organized under the laws of the State of South Carolina. Its principal place of business is in Myrtle Beach, South Carolina. Contractdata is an "employer" within the meaning of the ADA.

## JURISDICTION AND VENUE

3.      This action is brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. and as amended ("ADA"). Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is a civil action arising under the laws of the United States.

4. Venue is appropriate within this District because the causes of action alleged to have occurred in this Complaint occurred in the District and in this Division.

5. Plaintiff timely filed a Charge of Discrimination on or about July 25, 2022, with the Equal Employment Opportunity Commission ("EEOC") for disability discrimination under the ADA. Plaintiff received a Dismissal and Notice of Right to Sue from the EEOC on August 11, 2023. Thus Plaintiff, has exhausted his administrative remedies under the ADA.

## RELEVANT FACTS

6. Plaintiff began working for Defendant in July 2021. Specifically, Plaintiff worked as an Installer for Defendant in and around Myrtle Beach, South Carolina.

7. During the course of his employment, Plaintiff received two pay increases. Initially, he received a raise in October 2021. Then in or around January 2022, Plaintiff was given another raise to $21.63 per hour.

8. While working for Defendant, Plaintiff suffered two job-related injuries. On or about April 13, 2022, Plaintiff began to experience pain in his back from driving the company truck. Plaintiff offered to drive his own truck to alleviate the pain but was instead provided a foam pad to put behind his back when he drove. Because, however, his back continued to bother him, Plaintiff took a week off of work until his condition improved. He returned to work the following work week, beginning April 25, 2022.

9. On or about May 6, 2022, Plaintiff was working on an extension ladder the majority of the workday. The following day, Plaintiff experienced severe pain in his left knee.

10. On May 8, 2022, Plaintiff continued to suffer from severe pain in his left knee. The pain was so bad that Plaintiff went to the emergency room and Plaintiff was provided crutches.

11. On or about May 9, 2022, Plaintiff arrived at Defendant's office to advise his supervisors that he needed a few days off since he could barely walk on his left leg.

12. On or around May 23, 2022, Plaintiff returned to work. Upon his arrival, Defendant requested a doctor's note authorizing Plaintiff's return to work.

13. The following day, Plaintiff brought in a medical note clearing him to return to duty and worked that Tuesday and Wednesday with no work restrictions.

14. On Thursday May 26, 2022, Plaintiff was informed by his managers Tom Walker and Lee Pritchard that Defendant was terminating his employment.

15. Walker told Plaintiff that the owner, Dodd Howell ("Howell"), made the decision to terminate Plaintiff's employment, and stated his concerns about Plaintiff's body and/or knee deteriorating. Despite Plaintiff having no work restrictions, Dodd stated that and did not think Plaintiff would be able to handle the job in the future due to his health.

## FIRST CAUSE OF ACTION

### Violations of the Americans with Disabilities Act

16. Plaintiff incorporates by reference the above paragraphs as though fully set forth separately herein.

17. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8) and had the requisite education, training, and experience to perform and did in fact perform the essential functions of his job as an Installer for Defendant.

18. Plaintiff suffered from an adverse employment action because of his actual and/or perceived disability, in direct violation of the ADA.

19. Defendant is an "employer" within the meaning of 42 U.S.C. §12111(5).

20. Plaintiff was an employee of Defendant within the meaning of 42 U.S.C. §12111(4).

21. On or about Thursday May 26, 2023, Plaintiff's employment was terminated by the Company based on an actual or perceived disability, despite Plaintiff having no work restrictions and being able to perform the duties of his job with or without reasonable accommodations.

22. Even though Defendant perceived Plaintiff as disabled, despite Plaintiff having no work restrictions, Defendant did not make any efforts to engage in the interactive process to determine whether Plaintiff could perform the job with a reasonable accommodation.

23. Even though Defendant perceived Plaintiff as disabled, despite Plaintiff having no work restrictions, Defendant did not offer Plaintiff any reasonable accommodation.

24. Plaintiff has been damaged by Defendant's violation of the ADA inasmuch as Plaintiff has suffered loss of past and future wages and benefits, emotional distress, including marital difficulties, and mental pain and anguish.

25. Plaintiff is entitled to his attorney's fees and costs incurred under the ADA, 42 U.S.C. §12117(a) including equitable relief.

**WHEREFORE**, Plaintiff Joseph Stehel prays for judgement against Defendant Contractdata, LLC in a just and equitable sum of actual, compensatory and punitive damages, for the costs of this action including attorney's fees, and for such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury.

                                                  BRETT M. EHMAN
                                                  Attorney at Law

                                                  s/ Brett M. Ehman
                                                  Brett M. Ehman, Esq.
                                                  Fed Bar No.:  12844
                                                  S.C. Bar No.:  102443
                                                  2971 West Montague Avenue
                                                  Suite 203
                                                  North Charleston, SC  29418
                                                  (843) 225-3607
                                                  brett@ehmanlaw.com

October 4, 2023
N. Charleston, SC